UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MANUEL E. RIVAS,

    Plaintiff,

v.

RAS LAVRAR, LLC,
FLYNN LAVRAR, and
JOANNE MARY GALIPAULT

    Defendants.

_____/

**COMPLAINT**
**JURY DEMAND**

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff and Defendants reside in this District.

**PARTIES**

    3.    Plaintiff, MANUEL E. RIVAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

    4.    Defendant, RAS LAVRAR, LLC, ("RAS") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its

principal place of business at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

5. RAS is registered with the Florida Department of State Division of Corporations as a domestic limited liability company.

6. RAS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. RAS regularly collects or attempts to collect debts due to other parties.

8. Defendant, FLYNN LAVRAR, ("Mr. LaVrar") is natural person believed to be a citizen of the State of Florida residing in Broward County, Florida.

9. Mr. LaVrar is a member of the Florida Bar and believed to be a principal and or employee of RAS, practicing law at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

10. Mr. LaVrar regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. Mr. LaVrar regularly collects or attempts to collect debts due to other parties.

12. Defendant, JOANNE MARY GALIPAULT, ("Galipault") is natural person believed to be a citizen of the State of Florida residing in Broward County, Florida.

13. Galipault is a member of the Florida Bar and believed to be a principal and or employee of RAS, practicing law at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

14. Galipault regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

15. Galipault regularly collects or attempts to collect debts due to other parties.

### FACTUAL ALLEGATIONS

16. Defendants sought to collect from Plaintiff an alleged debt arising from a credit card issued by Capital One Bank, (USA), N. A. ("Capital One") which Plaintiff used for his own personal, family and household purposes.

17. Plaintiff's alleged debt went into default.

18. After the alleged debt went into default, the Capital One retained RAS for purpose of collecting the alleged debt.

19. On or about May 4, 2018, Defendant RAS and Mr. LaVrar filed suit against Plaintiff in state court in Broward County, Florida seeking to collect the alleged debt. See Complaint, attached as Exhibit "A".

20. On or about May 15, 2018, RAS served the state court complaint on Plaintiff.

21. The state court complaint alleges a single cause of action based on account stated.

22. The dollar amount of the debt alleged in the state court complaint is $1,863.61.

23. A portion of the $1,863.61 requested in the state court complaint consists of interest at the rate of 25.15%. See statements attached to the state court complaint, Exhibit "A".

24. Under Florida law, a cause of action based upon account stated cannot include accrued interest at a rate higher than the statutory rate, in the absence of a special agreement providing for at a rate higher than the legal rate:

> It is undisputed that invoices sent to Buildex over the course of dealings between the parties contained a statement that "interest will be charged at the rate of 1 1/2% per month or 18% per annum on all past due accounts." No proof was presented, however, that the parties ever agreed in writing that interest shall accrue at 18% per annum. *See Wilkinson & Jenkins Construction Co., Inc. v. Florida Rock Industries, Inc.*, 475 So. 2d 743 (Fla. 2d DCA 1985) (preprinted clause at bottom of stationery used in correspondence providing for interest at highest legal rate in event of default insufficient basis for award of interest at rate above statutory rate absent evidence that terms were agreed to by parties and formed part of contract).

*Calotte Corp. v. Buildex, Inc.*, 1985 476 So. 2d 294

25. The *Wilkinson* court further explained the concept and cited the statutory basis for the prohibition of interest higher than the statutory rate:

> AmeriQuest claims that the trial court erred in awarding it prejudgment interest pursuant to the statutory rate rather than in accordance with the rate contained in its six invoices being sued upon. We disagree and in accordance with our decision in *Celotex Corp. v. Buildex, Inc.*, 476 So. 2d 294 (Fla. 3d DCA 1985), hold that the preprinted interest rate contained in the six invoices, without more, was insufficient for AmeriQuest to be awarded any more prejudgment interest than is permitted by statute.
>
> First of all, section 687.01, Florida Statutes (1995), the controlling interest statute in effect at the time of the issuance of the invoices, provided that:
>
>> In all cases where interest shall accrue without a special contract for the rate thereof, the rate is the rate provided for in s. 55.03.
>
> In *Celotex*, a case that is factually similar to this case, a merchant supplier supplied a merchant buyer with goods on credit. [*166] The supplier brought suit after the buyer defaulted on payment for the goods. The supplier sought prejudgment interest at the rate of eighteen percent (18%)

4

> pursuant to the terms of the invoices that accompanied the goods. We held that absent proof of a written agreement between the parties for the higher rate of interest, interest accrues at the statutory rate. ***Id.* at 296**; *see also Wilkinson & Jenkins Contr. Co., Inc. v. Florida Rock Indus., Inc.*, 475 So. 2d 743 (Fla. 2d DCA 1985). We think that our *Celotex* holding is in harmony with section 687.01's which requires a "special contract" to deviate from the statutory interest rate. *See WPB, Ltd. v. Supran*, 720 So. 2d 1091, 1092 (Fla. 4th DCA 1998) (discussing special contracts).

*Nelson v. Ameriquest Techs.,* 739 So. 2d 161

26. The state court complaint does not allege the existence of a special agreement providing for interest at a rate higher than the statutory rate.

27. Under Florida law, a complaint alleging breach of an agreement requires the attachment of the agreement allegedly breached.

28. No such agreement is attached to the state court complaint.

29. Commencing January 1, 2018 the statutory rate for pre-judgment interest in Florida is 5.35%. Florida Statute §55.03.

30. Defendants, RAS and Mr. LaVrar, falsely and deceptively overstated the amount of the alleged debt in the state court complaint by including interest at 25.15% when the maximum rate of interest that could be charged to Plaintiff is less than 6%.

31. Defendants, RAS and Mr. LaVrar, sought interest at a rate nearly five times the rate permitted by Florida law.

32. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

5

33. Based upon the representations of Defendants, RAS and Mr. LaVrar, in the state court complaint, the least sophisticated consumer would believe he was liable for $1,863.61, when he was not because that amount included inflated interest charges.

34. On or about July 11, 2018, Galipault telephoned Plaintiff and stated that she wanted to discuss settlement of the then pending suit with Plaintiff. In this conversation Galipault did not disclose that she or RAS are debt collectors.

## COUNT I
## MISLEADING REPRESENTATION OF THE AMOUNT OF THE ALLEGED DEBT

35. Plaintiff incorporates Paragraphs 1 through 34.

36. Defendants, RAS and Mr. LaVrar, falsely, deceptively and misleadingly represented the amount of the alleged debt as $1,863.61 in the state court complaint in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, RAS and Mr. LaVrar, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FALSE REPRESENTATION OF THE CHARACTER OF THE ALLEGED DEBT

37. Plaintiff incorporates Paragraphs 1 through 34.

38. Defendants, RAS and Mr. LaVrar, falsely implied the character of the alleged debt as including charges for consumer goods and cash advances only when non-recoverable interest was also included in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, RAS and Mr. LaVrar, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## USE OF AN UNFAIR MEANS TO ATTEMPT TO COLLECT A DEBT

39. Plaintiff incorporates Paragraphs 1 through 34.

40. Defendants, RAS and Mr. LaVrar, attempted to collect interest that was not permitted by law in violation of 15 U.S.C. §1692f in general, and 15 U.S.C. §1692f(1) specifically.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, RAS and Mr. LaVrar, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

41. Plaintiff incorporates Paragraphs 1 through 34.

42.     Defendants, RAS and Galipault, failed to disclose in Galipaut's telephone call to Plaintiff that she and RAS are debt collectors in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## **JURY DEMAND**

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>don@donyarbrough.com
>
>
>By: s/ Donald A. Yarbrough
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658